IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lateef Phoenix,                        :
                    Petitioner        :
                                       :
        v.                             :  No. 1243 C.D. 2017
                                       :  SUBMITTED: February 16, 2018
Pennsylvania Board of                  :
Probation and Parole,                  :
                    Respondent        :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                    FILED: April 5, 2018


        Lateef Phoenix (Petitioner) petitions for review from the Pennsylvania Board
of Probation and Parole's (Board) August 8, 2017 Order affirming its March 25,
2016 decision to recommit Petitioner as a convicted parole violator to serve 30
months of backtime on an unexpired sentence and set his new maximum parole
violation expiration date as December 2, 2018. Petitioner's appointed counsel,
Nicholas E. Newfield, Esquire (Counsel), submitted an Application for Leave to
Withdraw Appearance (Application), in which Counsel asserts the Petition for
Review (Petition) is frivolous and consequently seeks our permission to withdraw
from representing Petitioner in this matter. We deny Counsel's Application and
direct Counsel to file either a proper no-merit letter or an advocate's brief within 30
days.

On February 1, 2010, Petitioner pled guilty in the Court of Common Pleas of Dauphin County (Trial Court) to two counts of Possession with Intent to Deliver (PWID), for which he was sentenced to concurrent three-and-one-half to seven years' incarceration. Certified Record (C.R.) at 1. Petitioner was subsequently released from prison on an unspecified date,[1] but was again arrested on May 17, 2012. C.R. at 13. He pled guilty in the Trial Court on March 12, 2013 to one count of PWID and was given a sentence of 11.5 to 23 months' incarceration. Petitioner also pled guilty to a related conspiracy charge, for which he was given two years' probation, to be served concurrently with the 2013 PWID sentence. *Id.*
Thereafter, on March 31, 2014, the Board granted Petitioner's request for parole and released him to a halfway house in Harrisburg on May 27, 2014. At that time, the maximum parole violation expiration date was August 4, 2017 for one of his 2010 PWID convictions (reflecting the effect of his 2013 convictions), and June 13, 2016 for the other. C.R. at 22-27. Petitioner successfully completed his time at the halfway house and, on June 5, 2014, moved to a private residence located at 1923 Whitehall Street in Harrisburg. C.R. at 49.

On August 5, 2015, Board Agent Allen Shipley and Harrisburg Police Officer Donald Bender conducted a parole check at Petitioner's home, resulting in the discovery of two ASP batons[2] and a dagger, a quantity of heroin, several Clonazepam pills, and drug paraphernalia, including packaging material and a digital scale. *Id.* As a result, Petitioner was arrested and was subsequently charged with

---

[1] The Certified Record is entirely silent regarding how, when, and why Petitioner was released after his 2010 convictions.

[2] This is a type of telescoping baton that is popular with law enforcement personnel. *See* History & Heritage, ASP, Inc. (2018), https://www.asp-usa.com/pages/history-heritage (last visited March 29, 2018).

PWID and a number of other drug-related offenses on August 23, 2015. C.R. at 36-39.

On October 20, 2015, the Board re-committed Petitioner for six months as a technical parole violator for possession of weapons. C.R. at 79. Petitioner pled guilty on January 5, 2016 to one count each of PWID and simple possession,[3] for which he was sentenced to an aggregate term of two-to-five years in prison. C.R. at 82-83. This prompted the Board to modify its October 20, 2015 decision, as Petitioner was now a convicted parole violator, as opposed to a technical parole violator. On February 29, 2016, the Board ordered Petitioner to serve 30 months of backtime and extended the maximum parole violation date for his existing 2010 and 2013 convictions to December 2, 2018. C.R. at 101.

On April 1, 2016, Petitioner mailed a timely *pro se* request for administrative relief to the Board. C.R. at 116. Therein, Petitioner asserted a confusing multipart argument regarding: (1) Conflicts between subsections 6138(a)(2) and (a)(5) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(2) and (a)(5), which articulate some of the Board's powers; (2) The lack of a statutory definition for the phrase "at liberty on parole," which is used in 61 Pa. C.S. § 6138(a)(2); (3) Violation of the separation of powers; and (4) Due process violations relating to the Board's February 29, 2016 recalculation of the maximum expiration dates for his 2010 and 2013 sentences. C.R. at 116-20. On these bases, Petitioner asked the Board to "recalculate time credit and/or modify its decision to state a term not in excess of the original maximum sentence imposed by the [Trial Court]." C.R. at 120. On August 8, 2017, the Board denied Petitioner's request for relief, stating:

---

[3] The simple possession charge and guilty plea pertained to the Clonazepam found during the course of the parole visit and subsequent search. C.R. at 82.

3

> The Board has the authority to establish a parole violation maximum date in cases of convicted parole violators. *See Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). Because you were recommitted as a convicted parole violator, you are not entitled to receive credit for any periods you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2).

C.R. at 122.

Counsel was subsequently appointed to represent Petitioner and filed the Petition with our Court on August 7, 2017. However, by his own admission, Counsel "[did] not have a copy of the Pro Se filing [through which Petitioner had sought administrative relief from the Board]." Petition at 1. Therein, Counsel for Petitioner put forth a single argument, one which had not been included in his earlier request for administrative relief:

> The Board committed error in its calculation of [Petitioner's] recalculated maximum date by setting a maximum date substantially beyond the time period which parolee can be required to serve on the underlying sentence. Specifically, the Board failed to properly credit time served by the Petitioner due solely to the Board's detainer, and does not accurately reflect the periods of time during which Petitioner was incarcerated and under the Board's jurisdiction.

*Id.* at 2.

On December 1, 2017, Counsel submitted his Application and no-merit letter.[4] In his Application, Counsel stated he had "conducted a full and conscientious examination of the record certified to this Honorable Court by the . . . Board," and

---

[4] In a no-merit letter, appointed counsel seeks to withdraw from representation because "the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

4

had "concluded that there is no factual or legal basis for Petitioner Phoenix's appeal and that the said appeal is frivolous." Application at 3. In the no-merit letter, Counsel provided the following explanation for his conclusion:

> The crux of Petitioner['s] argument is that the Board lacks the authority to extend the maximum date of his original sentence. Petitioner avers that the Board is acting in a judicial manner, in so "changing" the original sentence. The greensheet indicates the Board chose not to credit Petitioner with any of the time spent at liberty on parole, which the [Board] has the authority to do . . .
>
> While Section 21.1(b) of the Parole Act, 61 P.S. § 331.21a(b),[5] provides that a technical parole violator will be given credit for street time served in good standing, time spent in good standing prior to recommitment for technical violations is not shielded from forfeiture where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator. *Houser v. Pennsylvania Board of Probation and Parole*, 682 A.2d 1365 (Pa. Cmwlth. 1996), petition for allowance of appeal denied, 547 Pa. 759, 692 A.2d 568 (1997); *Anderson v. Pennsylvania Board of Probation and Parole*, 80 Pa. Cmwlth. 574, 472 A.2d 1168 (1984). Thus, as in the case with Petitioner . . . upon his recommitment as a convicted parole violator, in addition to losing all time spent at liberty during the current parole, he also forfeited all credit received for time spent in good standing while on parole prior to his previous recommitment as a technical parole violator.

---

[5] Counsel references this statute, despite the fact it was repealed by our General Assembly in 2009, and replaced by 61 Pa. C.S. § 6138(c)(2). *See Morton v. Pa. Bd. of Prob. & Parole*, (Pa. Cmwlth., No. 2023 C.D. 2016, filed Sept. 21, 2017), slip op. at 6 n.7, 2017 WL 4171304 at *3 n. 7. ("Section 21.1(b) of what was commonly known as the Parole Act, Act of Act of August 6, 1941, P.L. 861, *added* by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §§ 331.1–331.34a, was repealed by the Act of August 11, 2009, P.L. 147, No. 33, § 11(b). The Parole Code was consolidated and became effective on October 13, 2009.").

5

> Accordingly, there is no merit in either law or fact to [Petitioner's] challenge to the decision of the . . . Board.

Application, Ex. B at 2-3. Counsel also sent a letter to Petitioner, informing him that Counsel had found the Petition to be without merit, explaining the reasons for this determination, and directing Petitioner to retain another attorney or file a *pro se* brief with our Court, in the event that Petitioner disagreed with Counsel's conclusion. Application, Ex. A at 1-3.

Before addressing the merits of Petitioner's substantive arguments, we must assess the adequacy of Counsel's Application and no-merit letter. Because Petitioner, throughout this process, has only sought to challenge the Board's calculation of his maximum parole violation expiration date,[6] Counsel appropriately elected to file a no-merit letter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010). "A no-merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting *Com. v. Turner*, 544 A.2d 927, 928 (Pa. 1988)) (brackets omitted). As long as a no-merit letter satisfies these basic requirements, we may then review the merits of a petitioner's request for relief. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). However, in the event the letter fails on technical grounds, we must deny counsel's request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of his client. *Id.*

---

[6] While the Petitioner's specific arguments are extraordinarily confusing, the overarching theme, or general thrust, of Petitioner's request for administrative relief was that the Board improperly extended Petitioner's maximum date.

Here, we conclude that Counsel's no-merit letter is wholly inadequate for two reasons. First, the argument raised therein, pertaining to credit for the time Petitioner spent at liberty on parole, was raised for the first time in the letter itself and was not included in either Petitioner's *pro se* filing with the Board, or the subsequent Petition that was filed by Counsel. *See Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) ("The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal."). Second, this letter fails to address the only challenge made in the Petition, regarding credit for time served by Petitioner while incarcerated pursuant to a detainer issued by the Board. Therefore, because Counsel's no-merit letter is deficient, we will not proceed to a review of the Petition's merits.

Consequently, we deny Counsel's Application without prejudice and direct him to file either a proper no-merit letter or an advocate's brief in support of the Petition within 30 days.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lateef Phoenix,                      :
              Petitioner    :
                      :
       v.              :  No. 1243 C.D. 2017
                      :
Pennsylvania Board of     :
Probation and Parole,     :
             Respondent  :

## O R D E R

AND NOW, this 5th day of April, 2018, the Application for Leave to Withdraw Appearance filed by Nicholas E. Newfield, Esquire, is hereby DENIED WITHOUT PREJUDICE. Counsel shall have thirty (30) days from the date of this order to file an Amended Application, along with a no-merit letter, or an advocate's brief in support of the Petition for Review.

                                    _____
                                      ELLEN CEISLER, Judge